```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :    SEALED INDICTMENT
                                  :
          - v. -                  :    22 Cr. ___
                                  :
LAKENYA HOPKINS,                  :
                                  :
          Defendant.              :
- - - - - - - - - - - - - - - - - x
```

22 CRIM 465

The Grand Jury charges:

### The Investment Fraud Scheme

1. From at least in or about August 2020 through at least in or about April 2021, LAKENYA HOPKINS, the defendant, engaged in a scheme to defraud investors in Money Magnet Platinum Membership Initiative LLC ("MMPMI") of hundreds of thousands of dollars by promising unrealistically high rates of return on investments to induce investors to invest in MMPMI. Rather than invest the money as promised, HOPKINS used investors' money for her own personal gain, such as to purchase high-end luxury goods and rent a luxury apartment in Manhattan.

2. In or about August 2020, LAKENYA HOPKINS, the defendant, formed MMPMI as an "investment club." HOPKINS specifically marketed MMPMI to people of color as a way for them to build generational wealth for their families. HOPKINS recruited investors to MMPMI by, among other means, messaging

prospective investors on an encrypted instant messaging application and offering financial incentives to investors if they recruited their friends and family to join. During the investment fraud scheme, HOPKINS fraudulently obtained over $290,000 from over 110 investors.

3. In or about September and October 2020, LAKENYA HOPKINS, the defendant, as principal of MMPMI, held a series of videoconference meetings with prospective investors during which she solicited money from investors by falsely promising investors, among other things, that she would provide them with an $8,000 monthly return for every $1,000 investment they made in MMPMI. HOPKINS promised that $5,000 of the $8,000 would be paid directly to investors and that the remaining $3,000 would be reinvested. HOPKINS also falsely told investors that she could guarantee this return because she would pool investor money and invest it into a hedge fund that guaranteed a three to five percent daily return. For example, during her presentations to investors, HOPKINS included a slide in her presentation deck entitled, "Frequently Asked Questions." On that slide, HOPKINS stated the following: "Question: How can you guarantee the $5k per month? Answer: As a group, we are investing into a fund that guarantees us 3-5% per day. That will allow us the wiggle room needed to guarantee the $8k per month, which is available to you as $5k monthly liquid."

4. The investments were memorialized in documents known as "MMPMI Membership Promissory Notes." The terms of those investment contracts generally provided that, for every $1,000 an investor invested in MMPMI, the investor would receive an $8,000 monthly return, $5,000 of which would be paid directly to each investor. These documents and the false representations of LAKENYA HOPKINS, the defendant, deceived investors into believing that their principal and return were guaranteed.

5. Despite her representations to investors, however, LAKENYA HOPKINS, the defendant, never invested any of the investors' money in a hedge fund or made any other investments for the benefit of investors. Instead, HOPKINS stole the investors' money and used it for her own personal gain. Between in or about November 2020 and in or about April 2021, Hopkins used most of the investors' money to (i) make large cash withdrawals, (ii) purchase high-end luxury goods, (iii) rent a luxury apartment, (iv) pay for food, travel, and other goods, and (v) purchase cryptocurrency for her own benefit. For example, on or about November 16, 2020, within a month of receiving the bulk of the investors' money, HOPKINS used more than $85,000 of investor money to pay, in advance, a year's worth of rent on her luxury apartment in Manhattan.

6. In or about January 2021, after she had failed to make the first guaranteed monthly payments to investors, LAKENYA

HOPKINS, the defendant, told investors she was pausing MMPMI and giving out refunds. When investors questioned her about the status of their investments, HOPKINS continued to lie to investors. For example, on a videoconference in or about January 2021, HOPKINS told investors that their money was still in the hedge fund, that they "will not take a loss," and that she was "not keeping any money." Despite these representations, HOPKINS gave only approximately five investors a refund payment. To date, HOPKINS has not paid any investors the promised returns.

### Statutory Allegations

### COUNT ONE
### (Securities Fraud)

7.  The allegations contained in paragraphs 1 through 6 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

8.  From at least in or about August 2020 through at least in or about April 2021, in the Southern District of New York and elsewhere, LAKENYA HOPKINS, the defendant, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, the mails and of the facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section

240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making and causing to be made untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit on persons, to wit, HOPKINS engaged in a scheme to defraud investors by falsely representing to investors, among other things, that she would provide them a guaranteed monthly return of $8,000 for every $1,000 they invested with HOPKINS and that she would invest their money in a hedge fund that guaranteed a three to five percent daily return, and subsequently using their money for her own personal benefit.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

9. The allegations contained in paragraphs 1 through 6 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

10. From at least in or about August 2020 through at least in or about April 2021, in the Southern District of New York and

elsewhere, LAKENYA HOPKINS, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, HOPKINS engaged in a scheme to defraud investors by falsely representing to investors, among other things, that she would provide them a guaranteed monthly return of $8,000 for every $1,000 they invested with HOPKINS and that she would invest their money in a hedge fund that guaranteed a three to five percent daily return, including through the use of wire transmissions through the Southern District of New York, to further the investment fraud scheme.

(Title 18, United States Code, Sections 1343 and 2.)

### FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

11. As a result of committing the offenses alleged in Counts One and Two of this Indictment, LAKENYA HOPKINS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable

6

to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

### Substitute Assets Provision

12. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461, to seek forfeiture of any other property of the

defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461.)

_____         _Damian Williams_____
FOREPERSON                               DAMIAN WILLIAMS
                                         United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

- v. -

LAKENYA HOPKINS,

Defendant.

**SEALED INDICTMENT**

22 Cr. _____

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Sections 1343 and 2.)

_____          DAMIAN WILLIAMS
Foreperson                         United States
                                   Attorney

8/31/22 Filed Sealed Indictment
Arrest Warrant Issued

Willis
USMS