MBLChopC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                          22 Cr. 465 (RA)

LAKENYA HOPKINS,

          Defendant.

------------------------------x
                                      New York, N.Y.
                                      November 21, 2022
                                      9:30 a.m.

Before:

                    HON. RONNIE ABRAMS,

                                      District Judge

                         APPEARANCES

DAMIAN WILLIAMS,
     United States Attorney for the
     Southern District of New York
BY:  LISA DANIELS
     Assistant United States Attorney

MICHAEL A. SHEINBERG
     Attorney for Defendant
```

MBLChopC

1  MS. DANIELS:  Good morning, Judge.  Lisa Daniels for
2  the government.
3  THE COURT:  Good morning.
4  MR. SHEINBERG:  Good morning, your Honor.  Michael
5  Sheinberg for Ms. Hopkins.
6  THE COURT:  Good morning.  Good morning to you,
7  Ms. Hopkins.
8  So I initially scheduled this conference to discuss
9  modifications to Ms. Hopkins' bond since she's unable to obtain
10 an additional signature, but I received the joint letter and it
11 seems like everything is on consent.
12 MR. SHEINBERG:  Yes.
13 THE COURT:  So do you want, Ms. Daniels, just state
14 for the record what the proposed modification is.
15 MS. DANIELS:  Yes, your Honor.  Thank you.
16 The proposed modification is to remove the condition
17 from the bail package that Ms. Hopkins secure the signature of
18 one financially responsible person on the bond of $250,000 and
19 to substitute instead a provision that she consent to
20 standalone location monitoring with GPS.
21 THE COURT:  And Mr. Sheinberg, I understand that you
22 consent to this, as well.
23 MR. SHEINBERG:  Judge, that's correct.  We've had
24 conversations about it trying to figure this out and this is
25 what we've come up with and my client is in agreement.

THE COURT:  So that joint application is granted.

I may just endorse the letter that you sent on Friday, which I think is sufficient, but if you need anything else from me, let me know.

MS. DANIELS:  That's sufficient.  Thank you, your Honor.

THE COURT:  Where are we generally in this case, what's the status of discovery?

MS. DANIELS:  The government is making rolling productions of discovery.  There is a very significant amount of discovery in this case.  We have produced to date the pertinent sets from search warrant returns, as well as records such as bank account subpoena returns, videos from Zoom conferences that are referenced in the indictment in this case.  That process is ongoing and the government is continuing to make those productions.  In addition, the parties are beginning to engage in discussions regarding a potential pretrial resolution of this case.

THE COURT:  I know we have a conference scheduled for December 16th.  I assume it makes sense to just keep that conference as is.  Is that fair to say?

MR. SHEINBERG:  Your Honor, we could keep it, but I know there's a lot of stuff that the government has been sending to me, I know they sent two runs of discovery.  I know there's more coming, which I have not received yet.  It's a

1    lot.  It's a lot to go through.  I don't know if I'm going to

2    have it done by the 16th.  Maybe it makes sense to put it

3    off --

4             THE COURT:  You want to put it off until early

5    January?  I'll do whatever you all think makes the most sense.

6             MR. SHEINBERG:  We're in constant conversation, as

7    well, about this case.  I don't think it's getting out of hand,

8    I think it's just the amount of discovery that needs to be gone

9    through and gone through with my client.

10            THE COURT:  When would you propose, what do you think

11   makes sense?

12            MR. SHEINBERG:  I would say mid to end of January.

13            THE COURT:  Ms. Daniels?

14            MS. DANIELS:  Yes, that's fine with the government.

15            THE COURT:  Ms. Cavale, if you could propose a date.

16            THE DEPUTY CLERK:  January 13th at 11:00.

17            MR. SHEINBERG:  One moment.  That sounds too familiar.

18            THE DEPUTY CLERK:  It's a Friday.

19            MR. SHEINBERG:  That is actually a good date.

20            THE COURT:  All right.  Is there any objection to

21   excluding time --

22            MR. SHEINBERG:  One moment. I am so sorry.  That is

23   not a good date.  I'm going to be in New Jersey on that date.

24   It's the last thing on my list.  I apologize.

25            THE COURT:  No worries.

MBLChopC

1       THE DEPUTY CLERK:  Tuesday the 17th at 11:00.
2       MR. SHEINBERG:  Yes, that's fine.
3       THE COURT:  Okay.  Is there any objection to excluding
4  time under the Speedy Trial Act?
5       MR. SHEINBERG:  No.
6       THE COURT:  I'm going to exclude time from today until
7  January 17th pursuant to 18, United States Code, Section
8  3161(h)(7)(A).  I find the ends of justice served by excluding
9  such time outweigh the interests of the public and the
10 defendant in a speedy trial because it will allow time for
11 counsel to review discovery and for the parties to discuss any
12 possible disposition of the case and consider any motions you
13 may want to make.
14      Are there any other applications at this time?
15      MS. DANIELS:  None from the government.  Thank you,
16 your Honor.
17      MR. SHEINBERG:  None from Ms. Hopkins.  Thank you.
18      THE COURT:  Thank you.  We're adjourned.
19                          * * *